CASE 4—BASTARDY—JAN. 7.

## Commonwealth for, &c. v. Douglas, &c.

### APPEAL FROM NELSON CIRCUIT COURT.

THE SURETY IS NOT RELEASED in a bond executed by the accused in bastardy proceedings, conditioned that he will *appear* and answer the charge *and perform the judgment of the court*, as provided in sec. 3, chap. 7, General Statutes, by the appearance of the accused and the offer of his surety, at the time the judgment was rendered against him, to surrender the accused to the court that he might be imprisoned in order to satisfy the judgment.

C. T. ATKINSON, County Attorney, . . . For Appellant,

CITED

General Statutes, chap. 7, secs. 3, 5, 10, 11, 14, 15; chap. 21, secs. 15, 17. MS. Op., March 11, 1873, Commonwealth for White v. Sanders, &c.

GEO. S. FULTON, . .⎫
JOHN H. WATHEN, .⎬ . . . . . . . . For Appellees,
⎭

CITED

Civil Code, sec. 847.          4 Met. 67.
Myers's Supp., Act of June 3, 1865, on Bastardy.

General Statutes, pp. 161, 162, 163.

MS. Op., March 11, 1873, Commonwealth for White v. Sanders.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

William Douglas, being in custody upon a charge of bastardy, executed before the county judge of the county of Nelson a bond, with the appellant, Henry Douglas, his surety, in the penalty of $300, conditioned for the appearance of the accused in the county court on the first day of the next term thereof, *and to perform the judgment of the court.* Upon the hearing of the cause a judgment was rendered upon the verdict of the jury for the sum of $25 per annum for the period of seven years. The accused failing to perform the judgment, the bond was declared forfeited, and a summons awarded against the surety to show cause why a judgment should not be rendered against him.

The appellant (surety) filed a response to the summons, alleging that the accused did appear in court and defend the charge against him, and was present when the judgment was rendered; that as surety he then offered to surrender the accused to the court that he might be imprisoned in order to satisfy the judgment, but the court refused to order the accused into the custody of the jailer, and declared the bond forfeited.

The circuit court, upon an appeal from the county court, adjudged that the appearance of the accused in court to answer the charge and the offer of the surety to surrender him to the court released the surety from all liability, and from that judgment the attorney for the commonwealth prosecutes this appeal.

The opinion of this court in the case of the commonwealth against Sanders is relied on to sustain the action of the court below. That case was heard and determined under the act of 1865, entitled "an act to reduce into one the bastardy laws of this commonwealth." (Myers's Supplement, page 63.) By the provisions of section 3 of that act the accused was required to give bond, when arrested, for his appearance, and to perform

the judgment. By section 10 of the same act it is further provided "that if the accused shall be adjudged to be the father of the child he shall thereupon enter into bond with good surety for the payment of the sums adjudged against him; and in case of his failure to enter into such bond the court shall commit him to jail, there to remain until he shall give the bond, pay the money, or be discharged as an insolvent debtor."

This court, in construing the law as it then existed, and with a view of harmonizing the two sections referred to, adjudged that the first bond could only have been intended to secure the appearance of the accused to answer the complaint, as by the provisions of section 10 of the same act, if a judgment was rendered against him, he was again required to execute a bond for the amount of that judgment or go to jail.

The proceeding in the case before us is to be determined by the provisions of the General Statutes. The same character of bond is now required to be executed where the party is released from arrest before judgment—viz., "that he will appear in answer to the charge and perform the judgment of the court."

Section 10 of the General Statutes contains no provision requiring the accused to enter into bond after a trial and judgment when he had executed a bond *before judgment*. That section reads: "The accused who has failed to execute bond *before judgment*, if he shall be adjudged to be the father of the child, shall thereupon enter into bond, with good security to be approved by the court, conditioned for the payment of the sums adjudged, and in case of his failure to do so shall be committed to jail," etc.

The county court under the present statute, the accused having given a bond, with a solvent surety, and before judgment, had no power to require a bond after judgment or to imprison him until the judgment was satisfied or secured. This change was no doubt made to remedy the defect or inconsistency in

the law as it existed prior to the adoption of the General Statutes, and made manifest by the opinion rendered in the case of the commonwealth against Sanders.

Although a party against whom such a complaint is made might be able to give security for his appearance to answer the charge, when he could give no bond to perform the judgment, this can not be regarded as an argument in favor of a different construction of a statute that by its language leaves no doubt as to the legislative intent.

The court below erred in adjudging that the surety was not liable.

The judgment is reversed and cause remanded for further proceedings not inconsistent with this opinion.