### ANN A. AUSTIN *v.* COMMONWEALTH.

**Suit on Bond—Mandate of This Court Must be Followed by Trial Court.**
Where on appeal this court issues a mandate the lower court must follow it.

**Surety on Bond.**
The discharge of a defendant from imprisonment on a bastardy charge because of his insolvency does not affect the liability of his surety on a bond.

#### APPEAL FROM JEFFERSON COUNTY COURT.

October 13, 1877.

OPINION BY JUDGE LINDSAY:

The opinion in the case of *Commonwealth v. Douglas,* 11 Bush 607, and the opinion delivered on a former appeal in this cause on the 15th of September, 1876, are conclusive as to the legal effect of the bond executed by Thornton and the appellant, Mrs. Austin.

The fact that Mrs. Austin was misled, as to the legal obligation she was incurring when she signed the bond, by the officers of the land, including the county judge, constitutes no defense to this proceeding. The beneficiaries in the bond are the bastard child and its mother, and they are in no wise responsible for the mistaken advice under which the appellant acted.

It was immaterial whethor or not errors were committed on the trial of the proceeding against Thornton, the father of the bastard

child, or whether his motion for a new trial was improperly overruled. These questions, having been finally adjudicated, can not be opened in this proceeding.

The discharge of Thornton from imprisonment because of his insolvency does not affect the liability of Mrs. Austin.

The court below had no discretion, and was bound to carry into effect the mandate of this court, no reasons being presented which in law operated to relieve the appellant from her obligation to perform the judgment against Thornton.

Judgment *affirmed*.

*R. J. Elliott, for appellant. Moss, for appellee.*